UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGELA K MAIN,<br><br>        Plaintiff,<br><br>  v.<br><br>NORTHWEST TRUSTEE SERVICES INC, et al.,<br><br>        Defendants. | CASE NO. C14-353 MJP<br><br>ORDER ON MOTION TO DISMISS DEFENDANTS JOHN MCINTOSH AND RCO LEGAL, P.S. |

The Court, having received and reviewed:

1. Defendants McIntosh and RCO Legal, P.S. Motion to Dismiss (Dkt. No. 10)

2. Plaintiff's Opposition to Defendants' Motion to Dismiss (Dkt. No. 16)

3. Defendants McIntosh and RCO Legal, P.S. Reply in Support of the Their Motion to Dismiss (Dkt. No. 20)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that the motion is GRANTED; Defendants John McIntosh and RCO Legal, P.S. are DISMISSED from this lawsuit with prejudice.

1   IT IS FURTHER ORDERED that Defendants' motion for attorney fees is DENIED.

2   **Background**

3   Plaintiff Angela K. Main had two mortgages on her Kirkland residence. (Dkt. No. 1-3 at 3.) She stopped making loan payments in September 2012, and non-judicial foreclosure commenced in 2013. (Dkt. No. 1-3 at 3.) Mediation was attempted during the foreclosure process, at which Defendant John McIntosh, an attorney for Defendant RCO Legal, P.S. ("RCO"), a law firm, represented Northwest Trustee Services, Inc ("NWTS"). (Dkt. No. 1-3 at 7.)

9   On February 14, 2014, Plaintiff filed this case in King County Superior Court, alleging violations of Deed of Trust Act ("DTA"), the unconstitutionality of the DTA, breach of covenant of good faith and fair dealing, breach of "HAMP guidelines," breach of contract, CPA violations, TILA violations, negligent and/or intentional infliction of emotional distress, and fraud. (Dkt. No. 1-3.) On March 11, 2014, Defendants removed the case to this Court based on federal claims pursuant to 28 U.S.C. 1331 and supplemental state claims pursuant to 28 U.S.C. 1367(a). (Dkt. No. 1.)

16  **Discussion**

17  I.   **Merits of 12(b)(6) dismissal**

18  The Federal Rules require a plaintiff to plead "a short and plain statement of the claim," showing entitlement to relief. Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable of the

misconduct alleged." Mere labels and conclusions and a formulaic recitation of the elements of a cause of action will not suffice. Bell Atl. Corp. v. Twombly, 550 U.S. at 555.

Plaintiff's response to Defendants' motion to dismiss is problematic. Rather than respond substantively to Defendants' arguments, Plaintiff first filed an amended complaint. (Dkt. No. 14.) Three days later, Plaintiff filed a response (Dkt. No. 16.), attaching the amended complaint and primarily relying on the amendments to the complaint in opposing Defendants' motion. (Id.) Plaintiff filed her amended complaint beyond the period allowing amendment as a matter of course and never obtained consent of opposing counsel or the Court's leave to amend. Fed. R. Civ. P. 15(a)(1)(B); 15(b). But even if Plaintiff had properly filed a motion for leave to amend complaint, amendment may be properly denied if the amended complaint appears to be futile or legally insufficient. Gabrielson v. Montgomery Ward & Co., 785 F.2d 762 (9th Cir. 1986).

Defendants argue the Court should treat Plaintiff's amended complaint as a non-response to their motion and summarily dismiss the case under Western District of Washington Local Court Rule ("L.C.R.") 7(b)(2), which states, "If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." The Ninth Circuit has held that failure to file an opposition to a motion to dismiss in accordance with L.C.R. 7(b)(2) is a proper ground for summary dismissal if, prior to dismissal, the district court weighs five factors set forth in Ghazali v. Moran, 46 F.3d 52 (9th Cir. 1995). Johnson v. Vail, 397 Fed. Appx. 403 (9th Cir. 2010). The Court must explicitly consider (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its own docket, (3) the public policy favoring disposition of cases on the merits, (4) the risk of prejudice to the defendant, and (5) the availability of less drastic sanctions. Ghazali, 46 F.3d at 53 (emphasis

added). Because disposition of the case on the merits is preferred, and Plaintiff did eventually file an opposing brief, analysis of the merits is warranted and preferred.

        *a.  Claims against Defendant John McIntosh*

Plaintiff's contention against McIntosh arises out of McIntosh's legal representation of NWTS throughout the foreclosure process. (Dkt. No. 1-3.) However, Plaintiff fails to state any cognizable legal claim against McIntosh. In Plaintiff's original filing, she mentions McIntosh only twice in the entire 142-page complaint, alleging no facts other than that McIntosh was "an attorney with RCO, who did the mediation and represented PNC Bank during the [foreclosure] mediation." (Dkt. No. 1-3 at 2, 7.) Although Plaintiff tries to assert, in her amended complaint, claims against McIntosh for Wrongful Foreclosure, violation of the Foreclosure Fairness Act, and Breach of Covenant of Good Faith and Fair Dealing (Dkt. No. 16 at 3-4), McIntosh was never a party to the foreclosure proceeding. Plaintiff cites no statutory or case authority for assigning liability to the lawyer of a party to a dispute. McIntosh thus cannot be held liable to Plaintiff for wrongful foreclosure and related claims.

Plaintiff's amended complaint also asserts a claim against McIntosh for Intentional, or Negligent, Infliction of Emotional Distress ("IIED"). (Dkt. No. 16 at 4.) Plaintiff fails to state a plausible claim for IIED even in her amended complaint.

Under Washington law, an IIED claim requires (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) the actual result to the plaintiff of severe emotional distress. Kloepfel v. Bokor, 149 Wn.2d 192, 195-96 (2003). "The first element [of IIED] requires proof that the conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Robel v. Roundup Corp., 148 Wn.2d 35, 51 (2002). The Court makes the initial determination of whether "reasonable minds could differ on

whether the conduct was sufficiently extreme to result in liability." <u>Dombrosky v. Farmers Ins. Co. of Wn.</u>, 84 Wn. App. 245, 261 (1996). "[F]oreclosure proceedings generally do not rise to the level of extreme and outrageous conduct." <u>Erickson v. Long Beach Mortg. Co.</u>, Case No. 2:10-cv-1423 MJP, 2011 WL 830727, at *7 (W.D. Wash. Mar. 2, 2011).

Here, Plaintiff alleges McIntosh was "uncooperative" and generally acted unprofessionally at the foreclosure mediation. (Dkt. No. 16 at 4) ("McIntosh barged in abruptly, violating our private conversation, and appeared visibly irritated.") Even if reasonable minds could differ on whether McIntosh's conduct at the mediation was sufficiently extreme and outrageous to result in liability (and the Court finds they could not), Plaintiff fails to plead any facts to support the second and third IIED elements.

      b.  *Claims against Defendant RCO Legal, P.S.*

Like Plaintiff's claims against McIntosh, her claims against RCO arise out of the legal representation of NWTS. (Dkt. No. 1-3.) Plaintiff does allege a "co-mingling relationship" between RCO and NWTS, but, as Defendants argue, "Plaintiff alleges no facts as to how RCO and NWTS have a 'co-mingling relationship' and, even if true, she offers no explanation as to how this supposed connection between a law firm and its client is legally meaningful." (Dkt. No. 10 at 3.)

The Court agrees with Defendants. Plaintiff's complaint contains conclusory allegations throughout and fails to plead sufficient facts. (<u>See, e.g.</u>, Dkt. No. 1-3 at 16, 21)("[NWTS] and RCO have created a vertically integrated 'foreclosure machine'"; "NWTS & RCO running a 'foreclosure mill' is unfair . . ."). Even if Plaintiff had plead sufficient facts regarding RCO and NWTS's alleged comingling relationship and fraudulent conduct, RCO, like McIntosh, was never a party to the foreclosure proceeding. As a non-party, RCO cannot be held liable to

1  Plaintiff for wrongful foreclosure and related claims, and thus Plaintiff fails to state a claim

2  showing entitlement to relief.

3      Further, because Plaintiff fails to state a claim against McIntosh, vicarious liability

4  against RCO—McIntosh's employer—cannot attach. (Dkt. No. 16 at 5.) As vicarious liability is

5  the only new cause of action against RCO in Plaintiff's amended complaint, the amended

6  complaint is futile because Plaintiff fails to state a plausible claim for vicarious liability.

7  **II.    Attorney's fees pursuant to RCW 4.84.185**

8      Defendants request attorney's fees for defending against Plaintiff's suit pursuant to RCW

9  4.84.185. (Dkt. No. 10 at 5.) Under RCW 4.84.185, an award of attorney's fees may be made

10 "upon written findings by the judge that the action . . . was frivolous and advanced without

11 reasonable cause . . . ." Id. "The action must be frivolous in its entirety." Leahy v. Edmonds

12 School Dist., at *1 (W.D. Wash. Mar. 2, 2009) (citing Biggs v. Vail, 119 Wn.2d 129, 136-37

13 (1992))(emphasis supplied). If even one of the claims asserted was not frivolous, attorney's fees

14 cannot be justified under the statute. Id. "[T]he trial court is not empowered to sort through the

15 lawsuit, search for abandoned frivolous claims and then award fees based solely on such isolated

16 claims. . . . The statute is not to be used in lieu of more appropriate pretrial motions, CR 11

17 sanctions or complaints to the bar association." Biggs, 119 Wn.2d at 136-37. The Ninth Circuit

18 adds no clarification to what constitutes the "entirety" of an action; the Court finds it to mean

19 "all the claims against all the parties."

20     The Court finds a factually analogous Ninth Circuit case in Quantz v. Edwards, No. C04–

21 5737RJB, 2006 WL 1277093 (W.D. Wash. May 5, 2006), aff'd in part, rev'd in part, 264 Fed.

22 Appx. 625 (9th Cir. 2008). In Quantz, a dismissed defendant moved for attorney's fees and costs

23 incurred in defending against the plaintiff's suit, alleging plaintiff's claims in the original and

24 amended complaints were frivolous. 2006 WL 1277093, at *1. The defendant sought attorney's

fees pursuant to RCW 4.84.185 for defending against the original complaint and 28 U.S.C. 1927 for defending against the amended complaint. Id.  Regarding an award under RCW 4.84.185, the district court "[could not] say, based upon all the evidence, that this action was 'frivolous in its entirety,'" and denied the defendant's request for attorney's fees. Id. at *8.  Although the district court did award fees under the federal statute based on frivolity of the amended complaint, the Ninth Circuit reversed this award, stating, "Although [the plaintiff] did not prevail on his claim against [the defendant], we cannot conclude that his action was frivolous . . . ." 264 Fed. Appx. 625 at 629.

Based on the language in Biggs and the outcome in Quantz, attorney's fees for frivolity are proper where the entirety of a plaintiff's suit, not just the claims against one particular defendant, is frivolous.  Although Plaintiff's claims against Defendants McIntosh and RCO are frivolous, the merits of Plaintiff's suit in its entirety are still an open question.  On that basis, the Court will DENY the request for attorney's fees.

**Conclusion**

The Court GRANTS Defendants' motion to dismiss because Plaintiff fails to state plausible claims against Defendants; Defendants McIntosh and RCO Legal, P.S. will be DISMISSED with prejudice from this litigation as amendment would be futile.  The Court DENIES Defendants' motion for attorney's fees under RCW 4.84.185 because the merits of the entirety of the suit are still uncertain.

The clerk is ordered to provide copies of this order to all counsel.

Dated: May 13, 2014.

Marsha J. Pechman
United States District Judge