1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10 | Angela K. Main,

CASE NO. 14-353 MJP

11 |                              Plaintiff,

ORDER ON MOTION TO DISMISS
DEFENDANT FEDERAL HOME
LOAN BANK OF CINCINNATI

12 |          v.

13 | Northwest Trustee Services, et al.,

14 |                              Defendant.

15

16      The Court, having received and reviewed:

17   1.   Defendant Federal Home Loan Bank of Cincinnati's motion to dismiss (Dkt. No. 27),

18   2.   Plaintiff's response in opposition to motion to dismiss (Dkt. No. 30),

19   3.   Defendant Federal Home Loan Bank of Cincinnati's reply in support of its motion to

20        dismiss (Dkt. No. 34),

21   4.   Plaintiff's motion for leave to amend complaint (Dkt. No. 29),

22   5.   Defendant Federal Home Loan Bank of Cincinnati's motion to strike Plaintiff's

23        motion for leave to amend (Dkt. No. 33),

24   and all attached declarations and exhibits, makes the following ruling:

1    IT IS ORDERED that the motion to dismiss is GRANTED (Dkt. No. 27); Defendant

2   Federal Home Loan Bank of Cincinnati is DISMISSED from this lawsuit with prejudice.

3   Plaintiff's motion for leave to amend complaint is DENIED. (Dkt. No. 29.) Defendant's Federal

4   Home Loan Bank of Cincinnati's motion to strike Plaintiff's motion for leave to amend is

5   DENIED as moot. (Dkt. No. 33.)

6                                        **Background**

7    Plaintiff Angela K. Main stopped paying two mortgages on her Kirkland, Washington

8   residence in September 2013. (Dkt. No. 1-3 at 4.) Consequently, Northwest Trustee Services

9   ("NWTS") issued a notice of Trustee Sale under Washington's Deed of Trust Act, and scheduled

10   a non-judicial foreclosure sale for February 28, 2014. (Id. at 5.)

11   Before the sale date, Plaintiff filed this case in King County Superior Court against

12   NWTS, Routh Crabtree Olsen ("RCO") Legal, PNC Mortgage, PNCorp NA/ PNC Financial

13   Corp., Federal Home Loan Bank of Cincinnati ("FHLB"), Mortgage Electronic Registration

14   Systems Inc., and Merscorp Holding Inc. (Dkt. No. 1-3.)

15   Defendants removed the case to this Court in March 2014. (Dkt. No. 1.) Plaintiff then

16   moved to amend her complaint to remove FHLB as a defendant. (Dkt. No. 14-1.) The

17   amendment failed, it was filed beyond the amendment deadline and without the required consent.

18   (Dkt. 24. at 3.) Plaintiff withdrew her amended complaint. (Dkt. No 25.)

19   FHLB moves for dismissal under Federal Rule of Civil Procedure ("Fed. R. Civ. P.")

20   12(b)(6), arguing Plaintiff failed to state a claim upon which relief can be granted. (Dkt. No. 27.)

21   Plaintiff moves for leave to amend. (Dkt. No. 29.) FHLB moves to strike Plaintiff's motion for

22   leave to amend as untimely. (Dkt. No. 33.) Plaintiff then submitted an amended complaint

23   twenty-one days after filing the motion for leave to amend. (Dkt. No. 38.)

24

ORDER ON MOTION TO DISMISS DEFENDANT
FEDERAL HOME LOAN BANK OF
CINCINNATI- 2

**Analysis**

    **1.  Dismissal under Federal Rule of Civil Procedure 12(b)(6)**

        "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable of the misconduct alleged." Mere labels and conclusions and a formulaic recitation of the elements of a cause of action will not suffice. Bell Atl. Corp. v. Twombly, 550 U.S. at 555.

        **a.  Claims against FHLB**

        While Plaintiff's complaint is expansive, totaling more than 130 pages, it names FHLB only three times. (Dkt. No. 1-3.) The Court therefore limits its recitation to those facts necessary to resolve FHLB's motion to dismiss.

        Against FHLB, Plaintiff alleges:

    Defendant Federal Home Loan Bank of Cincinnati is a foreign entity doing business in King County.

(Id. at 7.)

        The Complaint also asserts:

    In this case, an agent of PNC Bank N.A. was present via phone but no one with Federal Home Loan Bank of Cincinnati and yet Ms. Main was denied the modification because Federal Home Loan Bank of Cincinnati apparently does not participate in the HAMP program.

(Id. at 5.)

1    Plaintiff claims these allegations give rise to: violations of the Deed of Trust Act

2    ("DTA"), violations of the Foreclosure Fairness Act, breach of covenant of good faith and fair

3    dealing, breach of the Federal Home Affordable Modification Program ("HAMP") guidelines,

4    breach of contract, Consumer Protection Act ("CPA") violations, unjust enrichment, Truth in

5    Lending Act ("TILA") violations, negligent and/or intentional infliction of emotional distress,

6    negligence, and fraud. (Dkt. No. 1-3.) Plaintiff also seeks a temporary injunction and a

7    declaratory judgment regarding her claims. (Id. at 11.)

8        According to FHLB, Plaintiff's statements related to FHLB are neither actionable nor do

9    they state a claim upon which relief can be granted. (Dkt. No. 27 at 3.) This Court agrees.

10   Plaintiff's complaint does not comply with Fed. R. Civ. P. 8(a); it provides no claims against

11   FHLB which show Plaintiff is entitled to relief. (Dkt. No. 1-3.) For starters, it is not possible to

12   determine which causes of action are purportedly alleged against FHLB given that the claims are

13   variously asserted against unspecified "Defendant" or "Defendants." See e.g., Dkt. 1-3 at 5, 11,

14   17, 18, 19, 20, 21, 22, 23. At other times, Plaintiff specifically names FHLB's co-defendants but

15   not FHLB. See e.g.,Dkt. No. 12, 18, 19, 20, 21, 22.

16       Further, Plaintiff consistently fails to establish either a cognizable legal claim or FHLB's

17   factual involvement in the alleged violations. For example, Plaintiff asserts "Defendant" violated

18   Washington's Consumer Protection Act ("CPA"), "by not showing good faith." (Dkt. No. 1-3 at

19   21.) To prevail on a CPA claim, Plaintiff must prove (1) an unfair or deceptive act or practice,

20   (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's

21   business or property, and (5) causation. Panag v. Farmers Ins. Co. of Wash., 166 Wn.2d 27

22   (2009). Plaintiff neither names or explains FHLB's involvement. Nor do the limited factual

23   allegations against FHLB show a deceptive act occurring in trade or commerce, injury, or

24

ORDER ON MOTION TO DISMISS DEFENDANT
FEDERAL HOME LOAN BANK OF
CINCINNATI- 4

1   conduct affecting the public interest. Plaintiff's claim fails in regard to each element of the CPA

2   claim.

3          Similarly, Plaintiff alleges Defendants "generally violate[d] Washington's Deed of Trust

4   Act, RCW 61.24" through "errors in [the mediation] process by defendants warranting that the

5   sale be canceled or postponed. These errors amounted to a delay and deny strategy." (Dkt. No. 1-

6   3 at 11.) Plaintiff does not explain how the alleged "delay and deny strategy" amounts to a claim

7   under one of the thirty-plus sections of RCW 61.24. Nor does Plaintiff provide facts allowing

8   this Court to reasonably infer FHLB's participation. Again, Plaintiff provides neither a

9   cognizable legal claim nor any act by FHLB which might give rise to relief.

10         Plaintiff's fraud claim provides a final example of the complaint's deficiencies. A fraud

11  complaint must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P.

12  9(b). Desaigoudar v. Meyercord, 223 F.3d 1020 (9th Cir. 2000) (fraud must be plead "with a

13  high degree of meticulousness."). Here, Plaintiff's fraud allegations are linked only to other

14  defendants: "Defendant's NWTS, RCO & PNA committed the tort of fraud by robosigning and

15  fabricating a beneficiary declaration." (Dkt. No 1-3 at 24.) As such, Plaintiff's fraud claim

16  against FHLB falls short of the requirements of Fed. R. Civ. P. 9(b).

17         Plaintiff's remaining claims against FHLB are similarly deficient. (Dkt. No. 1-3.) In sum,

18  Plaintiff's complaint lacks sufficient factual matter to state a claim to relief; it does not comply

19  with Fed. R. Civ. P. 8(a). This Court GRANTS the motion to dismiss.

20

21

22

23

24

ORDER ON MOTION TO DISMISS DEFENDANT
FEDERAL HOME LOAN BANK OF
CINCINNATI- 5

**2.  Motion to Amend**

Plaintiff moves for leave to amend her complaint (Dkt. No. 29) and FHLB moves to strike Plaintiff's motion because of procedural errors. (Dkt. No. 33.) Plaintiff's response to FHLB's motion to dismiss is indeed problematic. First, Plaintiff failed to provide a copy of the proposed amended pleading as required by LCR 15. (Dkt. No. 29.) Second, under Local Civil Rule 7(d)(3), a motion for leave to amend should be noted for hearing on the third Friday after it is filed. Here, Plaintiff noted the motion for four days after it was filed, leaving FHLB insufficient time to respond. (Dkt. No. 29.) Then, twenty-one days later, Plaintiff submitted an amended complaint without consent of the opposing party or the court as required by Fed. R. Civ. P. 15(a)(2). (Dkt. No. 38.)

The Ninth Circuit nonetheless urges "extreme liberality" when granting leave to amend. Sonoma County Ass'n of Retired Employees v Sonoma County 708 F3d 1109, 1117 (9th Cir. 2013). This Court therefore looks past Plaintiff's procedural errors and determines whether to grant leave to amend by weighing four factors: (1) prejudice to the opposing party, (2) undue delay, (3) bad faith on the part of the movant, and (4) futility of the proposed amendment. Foman v. Davis, 371 U.S. 178, 182 (1962) ("the Foman Factors"); Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999). The undue delay and futility factors are relevant here.

Regarding undue delay, Plaintiff received the information on which she bases her amendments three days after filing her original complaint. (Dkt. No. 29 at 1, 2.) Yet Plaintiff offers no explanation for filing the motion to amend nearly four months later. (Dkt. No. 29.) "Although delay is not a dispositive factor in the amendment analysis, it is relevant, especially

when no reason is given for the delay." (Id.) Here, Plaintiff had the opportunity to make a timely amendment and failed to do so.

Second, amendment would be futile. "A district court acts within its discretion to deny leave to amend when amendment would be futile." Chappel v. Laboratory Corp. of Am., 232 F.3d 719, 726 (9th Cir. 2000). The only new conduct alleged in the proposed amended complaint asserts FHLB "came in [to the Mediation] at the last second on the phone claiming to be the owner, beneficiary, and/or investor, and stated they didn't participate in HAMP, and thus no modification could be reached, killing the mediation." (Dkt. 38 at 11.) The Home Affordable Mortgage Program ("HAMP"), 12 U.S.C. § 5219a, is a federal program whereby the United States government privately contracts with banks to provide incentives to enter into residential mortgage modifications." Nevada v. Bank of Am. Corp., 672 F.3d 661, 665 n.1 (9th Cir. 2012). "Under HAMP, individual loan servicers voluntarily enter into contracts with Fannie Mae, acting as the financial agent of the United States, to perform loan modification services in exchange for certain financial incentives." Newell v. Wells Fargo Bank, N.A., 2012 U.S. Dist. LEXIS 1141, 2012 WL 27783, at *1 (N.D. Cal. Jan. 5, 2012). Plaintiff alleges "breach of the HAMP guidelines." (Dkt. No 38 at 20-21.) Yet Plaintiff presents no actionable legal claim. (Id.) Nor does Plaintiff provide facts linking FHLB - which is not a HAMP participant - to the program. (Dkt. No. 30-1 at 1.) Thus Plaintiff's HAMP program allegation remains legally and factually insufficient.

The new factual allegation is likewise insufficient to plead a claim under Plaintiff's other causes of action: violations of the Deed of Trust Act ("DTA"), violations of the Foreclosure Fairness Act, breach of covenant of good faith and fair dealing, breach of contract, Consumer

ORDER ON MOTION TO DISMISS DEFENDANT
FEDERAL HOME LOAN BANK OF
CINCINNATI- 7

Protection Act ("CPA") violations, unjust enrichment, Truth in Lending Act ("TILA") violations, negligent and/or intentional infliction of emotional distress, negligence, or fraud. (Dkt. No. 1-3.)

In sum, this Court DENIES Plaintiff's motion to amend because of undue delay and because amendment appears futile. (Dkt. No. 38.) Where amendment would be futile, dismissal should be with prejudice. See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Therefore, Plaintiff's claims against FHLB are dismissed with prejudice.

### 3. Motion to strike Plaintiff's motion for leave to amend complaint

FHLB's motion to strike is moot as this Court DENIES Plaintiff's motion for leave to amend. FHLB's motion to strike is DENIED.

### 4. Request for attorneys' fees

FHLB requests attorneys' fees incurred while defending this action. (Dkt. No. 27 at 2.) Under Fed. R. Civ. P. 54(d)(2)(B)(ii), a motion for attorney's fees must cite a contractual or statutory provision supporting such an award. FHLB fails to cite statutory or contractual support for such an award. Therefore, the Court DENIES the request for attorneys' fees.

### Conclusion

The Court GRANTS Federal Home Loan Bank of Cincinnati's motion to dismiss (Dkt. No. 27) because Plaintiff failed to allege cognizable legal claims or facts to support a plausible claim to relief. Federal Home Loan Bank of Cincinnati is DISMISSED from this litigation with prejudice. The Court DENIES Plaintiff's motion to amend (Dkt. No. 29) as amendment would be futile and DENIES Federal Home Loan Bank of Cincinnati's motion to strike (Dkt. No. 33) as

1  moot. The Court DENIES the request for attorneys' fees in the absence of contractual or

2  statutory grounds for such a claim.

3          The clerk is ordered to provide copies of this order to all counsel.

4          Dated this 30th day of July, 2014.

5

6

7          Marsha J. Pechman
           Chief United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON MOTION TO DISMISS DEFENDANT
FEDERAL HOME LOAN BANK OF
CINCINNATI- 9